Estuardo Antonio PEREZ-ALDANA, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 14-71347

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 21, 2016

Roxana V. Muro, Attorney, Law Offices of Roxana V. Muro, Los Angeles, CA, for Petitioner

Jeffery R. Leist, Trial Attorney, Sabatino F. Leo, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

MEMORANDUM **

Estuardo Antonio Perez-Aldana, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for sub-

---

stantial evidence the agency's factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Perez-Aldana established extraordinary circumstances to excuse his untimely-filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Thus, we deny the petition for review as to Perez-Aldana's asylum claim.

Substantial evidence supports the BIA's determination that Perez-Aldana failed to establish past persecution or a likelihood of future persecution on account of an enumerated ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Perez-Aldana's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.